## WEGMAN et al. v. HULSE et al.

(District Court, W. D. New York. April 30, 1926.)

**I. Courts ⟨⇒274—District Court of district in which a national bank is located held to have jurisdiction of a suit by stockholders, on a cause of action inuring in the bank, to enjoin the Comptroller and his receiver (Judicial Code, § 24, subd. 16, and section 49 (Comp. St. §§ 991, 1031]).**

Judicial Code, § 24, subd. 16, and section 49 (Comp. St. §§ 991, 1031), giving District Courts jurisdiction of suits by national banks to enjoin the Comptroller or any receiver, and providing that such a suit shall be in the district where the bank is located held to extend to a suit by stockholders of an insolvent national bank, on behalf of themselves and all other stockholders, to enjoin the Comptroller and his receiver from making an alleged collusive compromise of a suit against the directors.

**2. Corporations ⟨⇒206(2).**

Where interests of directors are antagonistic, demand on them is not necessary, as preliminary to suit by stockholders.

**3. Courts ⟨⇒294—Suit by stockholders against Comptroller and receiver of national bank held to involve federal question.**

A suit by stockholders of an insolvent national bank, to enjoin the Comptroller and receiver from making an alleged collusive compromise of a suit against the directors, held to involve a federal question, and within the jurisdiction of a federal court, regardless of citizenship of parties.

In Equity. Suit by William J. Wegman and Myron W. Greene, suing for the National Bank of Commerce of Rochester, and for themselves and all other stockholders, against Jonas J. Hulse, as receiver of National Bank of Commerce of Rochester, and J. W. McIntosh, as Comptroller of the Currency, and the National Bank of Commerce of Rochester. On motion to quash service of summons. Denied.

James D. Harris, of Fairport, N. Y. (Edson W. Hamn, of Lyons, N. Y., of counsel), for plaintiffs.

John K. Shields, of Clinchdale, Tenn., for defendant McIntosh.

HAZEL, District Judge. The plaintiffs are stockholders of the National Bank of Commerce of Rochester, N. Y., declared insolvent by the Comptroller of the Currency of the United States, suing in their own behalf and on behalf of all other stockholders thereof. Defendant Hulse, receiver, was appointed by the Comptroller and is engaged in the discharge of his duties. Plaintiffs and the receiver are inhabitants of this district, while the Comptroller has his office in the District of Columbia, where he is an inhabitant, and where process was served upon him. The bill avers that the said bank transferred its assets to the National Bank of Rochester prior to the appointment of the receiver, and that a demand has been made upon the receiver and the Comptroller to sue the directors for damages arising from their negligence and misconduct. Upon refusal to sue, an action was brought in the Supreme Court of this state by the plaintiffs to enforce their asserted right of action. Thereafter the receiver instituted a similar action in this jurisdiction against the directors to recover damages from the directors for their misconduct. The gist of the bill is that the receiver and Comptroller are collusively and fraudulently engaged in an attempt to compromise the pending suit brought by the receiver against the directors for an inadequate amount—a compromise that would result, as the bill avers, in defeating plaintiffs' pending suit in the Supreme Court of

this state, and, accordingly, it is asked that defendants herein, as receiver and Comptroller of the Currency, be restrained from making such compromise and settlement at the proposed amount of $750,000, which the directors are willing to pay; that the compromise is collusive and fraudulent.

[1] The Comptroller of the Currency appeared specially, challenging the jurisdiction of the court on the ground that the process was improperly served upon him in the District of Columbia, of which he is an inhabitant, and that under section 51 of the Judicial Code (Comp. St. § 1033) no action may be brought against him in any other district than that of which he is an inhabitant. I think that jurisdiction has been properly obtained, and that the process has been properly served.

Several cases are cited, notably Butterworth v. Hill, 114 U. S. 128, 5 S. Ct. 796, 29 L. Ed. 119, in support of the contention made on behalf of the Comptroller, but the decision of that case was not based on a similar statute. There it was sought to require the Commissioner of Patents, who resided in Washington, to issue a patent for an invention, and show cause in the district of Vermont, where plaintiff was an inhabitant, why it should not be issued. The Supreme Court of the United States held that section 739, R. S., applied, which provides that no civil suit shall be brought against an inhabitant of the United States in any other district than that of which he is an inhabitant, or in which he may be found.

A similar ruling was made in Railroad Commissioners v. Burleson, Postmaster General (D. C.) 255 F. 604, it being shown that the Postmaster General operated a telegraph and telephone system under government control, and was sued in a district of which he was not a resident, to enjoin him from enforcing certain telegraph rates. The Supreme Court again applied the rule that the defendant, being a citizen of another district, could not be sued, without his consent, in any other district than that of which he was an inhabitant, and as Postmaster General he was an inhabitant of the District of Columbia.

In this case, however, we are dealing with section 24, subd. 16, and sections 49–51 of the Judicial Code (Comp. St. §§ 991, 1031–1033), which were not applicable to either the Commissioner of Patents or the Postmaster General. These provisions in relation to venue and jurisdiction contain exceptions to the general rule. Section 24, subd. 16, substantially provides that all suits

brought by the United States against any national banking association to wind up the affairs of any such bank, and "all suits brought by any banking association established in the district for which the court is held, * * * to enjoin the Comptroller of the Currency, or any receiver acting under his direction," may be brought in the jurisdiction where the bank is located, while section 49 reads: "All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such association is located." It was ruled by the Supreme Court of the United States in First National Bank of Canton v. Williams, 252 U. S. 504, 40 S. Ct. 372, 64 L. Ed. 690, that, where a national bank brought an action against the Comptroller of the Currency with relation to a right growing out of the Constitution and laws of the United States, a federal question was involved, and suit by it was maintainable in the district where it was engaged in business.

I think the plaintiffs, who are suing as stockholders on their own behalf and on behalf of other stockholders, it being averred that the bank had refused to bring the action, have brought themselves fairly within the provision of this principle. It is true, as argued, that we are not concerned with a suit by the United States, or by direction of any officers thereof, nor a suit for winding up the affairs of the bank, nor in fact a suit by the bank against the Comptroller of the Currency and his receiver; but the cause of action, assuming the facts to be true, was one that could have been brought by the bank. The latter having refused through its directors to do so, the stockholders have the right to seek redress of the asserted grievance on the theory that the corporation or its management refused or failed to protect the rights of the bank. The stockholders are not pursuing a personal right, for the fruits of the litigation do not inure to their benefit, but inure to the benefit of the bank. If the bank could sue and require a defense in the district of its location, it is difficult to conceive of any sound reason why the stockholders, who prosecute for the bank as substitutes, are not to be accorded the same jurisdictional rights.

[2] It was not necessary to aver that a request had actually been made upon the bank to bring this suit, for the reason that the bill quite clearly shows that the interests of the directors are antagonistic to the bank,

and an endeavor to induce them to enforce the rights of the bank would have been futile. Ogden v. Gilt Edge Co., 225 F. 723, 140 C. C. A. 597; Forbes v. Wilson (D. C.) 243 F. 264. And see rule 27 of the new federal equity rules. If it were held that jurisdiction had not been obtained of the Comptroller, it would follow that this action would proceed against the receiver alone, and perhaps, involve another action in the district where the Comptroller resides. The acts of the receiver were under and pursuant to the direction of the Comptroller, and he is a necessary party.

[3] The point is made that the bank could not, if it had not closed its doors and suspended payment, have sued the defendants in this district, inasmuch as no federal question is involved. But in First National Bank v. Williams, supra, the bank sued the Comptroller of the Currency for alleged unlawful practices, which it sought to enjoin. It was held that the action must be brought in the district where the bank was established, and service in the District of Columbia on the Comptroller was a proper service. The principle of that case is applicable here, and I think the bill fairly shows that we are dealing with a federal question.

The case of Herrmann v. Edwards, 238 U. S. 107, 35 S. Ct. 839, 59 L. Ed. 1224, is not in point. Plainly no federal question was involved. It was a suit brought by a stockholder of a national bank against the bank and another bank and its officers and directors, to recover for fraudulent sale of property by the first mentioned bank to the latter.

The motion to quash the service on the Comptroller of the Currency is denied.