O'CONNER, Comptroller of the Currency, et al. v. WATSON et al. *

No. 7953.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1936.

Elmo P. Lee, J. E. Smitherman, and D. E. Smitherman, all of Shreveport, La., for appellants.

Howard B. Warren and Otis W. Bullock, both of Shreveport, La., and Thos. W. Leigh, of Monroe, La., for appellees.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellees, stockholders of the American National Bank of Shreveport, in liquidation, filed in the court below a bill in equity against the appellants, the Comptroller of the Currency and the receiver of that bank appointed by the Comptroller of the Currency, praying relief, including the issuance of a rule requiring appellants to show cause why they should not be temporarily enjoined during the pendency of the suit from enforcing against appellees an assessment made by the Comptroller of the Currency against stockholders of said bank and a final decree annulling said assessment and perpetuating the injunction. Upon the filing of the bill, a rule to show cause at a stated time, at Shreveport, La., why a temporary injunction should not be granted as prayed for, was entered. Service of process on the bill and on the rule to show cause was made on the Comptroller of the Currency in the District of Columbia. The Comptroller of the Currency appeared specially, and moved the court to quash the attempted service on him of the subpœna and the rule to show cause, on the grounds that, at the time of such attempted service, he was a resident of and had his offices in the District of Columbia, and that the court below had no jurisdiction over him. Upon the rule to show cause being submitted upon the bill and exhibits, the answer of the receiver, and said motion to quash, the court made findings of fact and conclusions of law, overruled the motion to quash, and entered an interlocutory decree ordering the issue of a preliminary injunction as prayed for.

The following appears from allegations of the bill of complaint: The American National Bank was organized in 1906, and continued in business at Shreveport until the close of banking hours on Saturday, October 18, 1930. On October 20, 1930, before the usual hour for opening, with the consent of the Comptroller of the Currency, that bank, then being solvent, transferred all its assets to the Commercial-American Bank & Trust Company, a Louisiana banking corporation, and gave to the transferee the transferor's promissory note for $300,000, due one year after date, in consideration of the transferee assuming all the transferor's liabilities except to its stockholders and its liability on said note. The transaction was evidenced by a written contract,

whereby certain assets of the assignor were set aside by the assignee to be liquidated for the account of the assignor and applied as liquidated to the payment of the $300,000 note. Following that sale and transfer, the American National Bank went into voluntary liquidation pursuant to statute. 12 U.S.C.A. §§ 181, 182. In accordance with a resolution of the liquidating bank's shareholders, the liquidation was carried on by a liquidating committee composed of three shareholders from June 2, 1931, to April 15, 1935, on which date the Comptroller of the Currency, after having caused an examination to be made of the assets of the liquidating bank, declared it to be insolvent and unable to pay its debts, appointed W. C. Page receiver of that bank, made an assessment against its shareholders of 100 per cent. of the par value of their stock, and caused notice of that assessment, and demand for the payment in full, or partial payment and security for the balance, on or before June 17, 1935, to be given to such shareholders. Before filing the bill, the complainants therein requested the liquidators to bring suit in the name of the American National Bank for the relief prayed for in the bill, for the benefit of all its shareholders, but without avail.

■ "All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such association is located." 28 U.S.C.A. § 110. The suit was to enjoin the Comptroller of the Currency from doing the alleged unlawful act of enforcing an assessment made by him against shareholders of a national bank, which assessment was challenged on the ground that that official was without power to make it, by reason of the fact that, prior to the making of such assessment, that bank went into voluntary liquidation pursuant to statute, which liquidation was in progress when the assessment was attempted to be made. If that assessment was invalid as charged, it could have been challenged by the liquidators suing, in the name of the bank in liquidation, to enjoin such assessment as an unlawful interference with the powers conferred on the liquidators in the matters of winding up the affairs of the bank in liquidation and enforcing the individual liability of its shareholders. 12 U.S.C.A. §§ 197, 65; Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864. The suit being one in behalf of a national bank to restrain the Comptroller of the Currency from alleged unlawful conduct, wherein the rights of the plaintiffs turn on the construction and application of the National Banking Law, is a suit to enjoin him under that law, within the meaning of the above set out statute. First National Bank v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690. If the suit had been brought by the liquidators in the name of the bank in liquidation, it would have been maintainable in the district in which it was brought. The liquidators having failed to bring such suit when requested to do so, the shareholders, who prosecute for the bank in liquidation as substitutes were entitled to maintain the suit in the district in which it was brought. Wegman v. Hulse (D.C.) 13 F.(2d) 206. The court did not err in overruling the motion to quash.

■ By section 1 of an act which was approved on June 30, 1876, "Whenever the comptroller [of the Currency] shall become satisfied of the insolvency of a national banking association, he may, after due examination of its affairs, * * * appoint a receiver who shall proceed to close up such association, and enforce the personal liability of the shareholders, as provided in" another statute referred to. 19 Stat. 63, 12 U.S.C.A. § 191. Section 2 of the just mentioned act (12 U.S.C.A. § 65) provided that, when any national banking association shall have gone into voluntary liquidation under a statute referred to, the individual liability of shareholders provided for by another statutory provision referred to "may be enforced by any creditor of such association, by bill in equity, in the nature of a creditor's bill, brought * * * in any court of the United States having original jurisdiction in equity for the district in which such association may have been * * * established." It appears from the record that court sustained the contention, made in behalf of appellees, that, the Comptroller of the Currency having permitted the American National Bank to go into voluntary liquidation as authorized by statute and thereafter for a period of time to proceed to liquidate its affairs through a committee of its shareholders, the Comptroller is without legal authority to declare it insolvent, appoint a receiver, and levy

and have enforced an assessment against its shareholders. Individual liability for the debts of a national bank was imposed by the National Banking Act of 1864. 12 U.S.C.A. § 63 et seq. Prior to the enactment of the above set out provision of the Act of June 30, 1876, the Comptroller of the Currency possessed no authority to appoint a receiver of a national bank on the ground of · its insolvency. But prior to the enactment of that statute there was ample remedy for the enforcement of the statutory liability of shareholders by a bill in equity filed by a creditor or creditors of the bank. Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864. The language of the act conferring power on the Comptroller to appoint a receiver, with the powers stated, whenever the Comptroller, after due examination of the affairs of a national bank, becomes satisfied of its insolvency, embraces as well banks which have gone into voluntary liquidation as those which have not done so. The statute contains nothing indicating a purpose to exclude from its operation any national bank. With practical unanimity, court decisions have been to the effect that, under that statute, the Comptroller of the Currency has power to appoint a receiver of a national bank when he is satisfied of its insolvency, and to have the individual liability of its shareholders enforced, though the bank had gone into voluntary liquidation as provided by statute, and that the remedy given by statute to creditors is not exclusive, but is cumulative and in addition to other remedies for the enforcement of the individual liability of shareholders. King v. Pomeroy (C.C.A.) 121 F. 287; Washington National Bank v. Eckels, Comptroller (C.C.) 57 F. 870; Liberty Nat. Bank v. McIntosh (C.C.A.) 16 F.(2d)· 906; Holland Banking Company v. Continental National Bank (D.C.) 43 F.(2d) 640; Wegman v. Hulse (D.C.) 27 F.(2d) 187; United States Nat. Bank of La Grande v. Pole (D.C.) 2 F.Supp. 153. See, also,

Appointment of Receiver for Union Nat. Bank, 31 Op.Atty.Gen. 157. So far as we are advised, the only judicial expression opposed to that view is a statement contained in the opinion in the case of Williamson v. American Bank (C.C.A.) 115 F. 793, to the effect that the remedy given by section 2 of the act in question is exclusive. That expression is wholly inconsistent with a later decision of the court which rendered the opinion in the last-cited case. Liberty National Bank v. McIntosh, supra. We concur in the conclusion reached by other courts that the acts of the shareholders of a national bank in putting the bank into voluntary liquidation and proceeding with the liquidation of its affairs for a considerable period do not impair or affect the power conferred by statute (12 U.S.C.A. § 191) on the Comptroller of the Currency, whenever he shall become satisfied of the insolvency of a national bank, after due examination of its affairs, to appoint a receiver of such bank and have the personal liability of its shareholders enforced. The determination of the question of enforcing for the benefit of a national bank's creditors the individual liability of its shareholders is not left to its creditors alone; a public official, the Comptroller of the Currency, being vested with power in that regard, to be exercised in behalf of the bank's creditors.

It is not seriously controverted that, in the absence of the acts of the Comptroller of the Currency being challenged on the ground of fraud, so far as concerns the need and amount of the assessment made by him, his findings are conclusive. Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457.

We conclude that the allegations of the bill of complaint do not state a case warranting the granting of the relief prayed for and granted.

The decree is reversed.