## ABEL et al. v. HELLAWELL et al.
### No. E8476.

District Court, E. D. New York.
Nov. 14, 1938.

Abraham Fishbein, of New York City, for plaintiffs.

Robert P. Vickers, of New York City, for defendants.

J. F. T. O'Connor in pro per.

MOSCOWITZ, District Judge.

This is a motion for an order "that the service of the subpoena, process and complaint herein, on J. F. T. O'Connor, Comptroller of the Currency, wherein said defendant was served by the United States Marshall, in and for the District of Columbia, on the 15th day of March, 1938, be vacated and set aside and that the complaint herein be dismissed as to the defendant on the following grounds:—

"1. Service of process was not had on said defendant in the Eastern District of New York or in the State of New York.

"2. That said defendant is not an inhabitant or resident of the Eastern District of New York, within the purview of Title 28, Section 112, United States Code Annotated, which requires all civil suits to be brought in the District Court of the District whereof the defendant is an inhabitant.

"3. Service of process on said defendant was not made by the United States Marshall for and in the Eastern District of New York.

"4. That said defendant is not a necessary party to this action."

Defendants in their memorandum state that that portion of the motion which deals with the request to dismiss the complaint on the ground that J. F. T. O'Connor is not a necessary party to the suit, is withdrawn without prejudice to a further motion for that relief.

The defendant, J. F. T. O'Connor, Comptroller of the Currency, has appeared specially herein for the sole purpose of moving to set aside and vacate the service of the subpoena, process and complaint on him. Mr. O'Connor was served by delivering to and leaving with Marshall R. Diggs, Acting Comptroller of the Currency, copies of the subpoena and the

complaint in the District of Columbia. Neither Mr. O'Connor nor Mr. Diggs are residents or inhabitants of this District.

Section 51 of the Judicial Code, 28 U. S.C.A. § 112, provides: "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

The action is one in equity by the stockholders of the National Bank of Ridgewood in New York to enjoin the Comptroller of the Currency and the Receiver from enforcing an assessment levied upon said stockholders.

The complaint alleges that the plaintiffs were stockholders of the bank, and that on or about August 29, 1931, the Richmond National Bank of New York took over the National Bank of Ridgewood. The Richmond National Bank of New York assumed and promised to pay all the National Bank of Ridgewood's liabilities, including liability to depositors, and waived all liability on the part of the National Bank of Ridgewood's stockholders, agreeing that the National Bank of Ridgewood's stockholders were not to be liable for any assessments or otherwise. It was further alleged that depositors of the National Bank of Ridgewood waived all claims against it and became depositors of the Richmond National Bank of New York, and that the agreement and all negotiations leading thereto were had with the consent of the Comptroller of the Currency. It is further alleged that the National Bank of Ridgewood ceased to exist and that the Richmond National Bank of New York continued until the banking holiday in 1933 when it was closed, and that thereafter in November 1933 a Receiver was appointed for the Richmond National Bank of New York.

The question has arisen as to whether or not service of process can be made upon the Comptroller in Washington, D. C. Counsel have cited the following cases: Butterworth v. Hill, 114 U.S. 128, 129, 5 S.Ct. 796, 29 L.Ed. 119; Wilson v. Awalt, D.C., 2 F.Supp. 465; First National Bank of Canton v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690; Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999; Wegman v. Hulse, D. C., 13 F.2d 206; O'Conner v. Watson, 5 Cir., 81 F.2d 833; Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457.

Section 49 of the Judicial Code, 28 U. S.C.A. § 110, provides: "All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such association is located."

A first reading of this section would seem to indicate that this section does not apply to the present action because it refers to proceedings by any "national banking association." Nothing is left of the National Bank of Ridgewood, it went out of existence, according to the complaint, in 1931. The only ones left who could maintain an action are the stockholders. The stockholders are the "national banking association."

Section 110, Title 28 U.S.C.A., under the circumstances disclosed in this complaint, permits the stockholders to bring the action.

The Court in the case of O'Conner v. Watson, supra, 81 F.2d 834, decided:

"The appellees, stockholders of the American National Bank of Shreveport, in liquidation, filed in the court below a bill in equity against the appellants, the Comptroller of the Currency and the receiver of that bank appointed by the Comptroller of the Currency, praying relief, including the issuance of a rule requiring appellants to show cause why they should not be temporarily enjoined during the pendency of the suit from enforcing against appellees an assessment made by the Comptroller of the Currency against stockholders of said bank and a final decree annulling said assessment and perpetuating the injunction. Upon the filing of the bill, a rule to show cause at a stated time, at Shreveport, La., why a temporary injunction should not be granted as prayed for, was entered. Service of process on the bill and on the rule to show cause was made on the Comptroller of the Currency in the District of Columbia. The Comptroller of the Currency appeared specially, and moved the court to quash the attempted service on him of the subpoena and the rule to show cause, on the grounds that, at the time of such attempted service, he was a resident of and had his offices in the District of Columbia, and that the court below had no jurisdiction over him. Upon the rule to show cause being submitted upon the bill and exhibits, the answer of the receiver,

and said motion to quash, the court made findings of fact and conclusions of law, overruled the motion to quash, and entered an interlocutory decree ordering the issue of a preliminary injunction as prayed for.

"The following appears from allegations of the bill of complaint: The American National Bank was organized in 1906, and continued in business at Shreveport until the close of banking hours on Saturday, October 18, 1930. On October 20, 1930, before the usual hour for opening, with the consent of the Comptroller of the Currency, that bank, then being solvent, transferred all its assets to the Commercial-American Bank & Trust Company, a Louisiana banking corporation, and gave to the transferee the transferor's promissory note for $300,000, due one year after date, in consideration of the transferee assuming all the transferor's liabilities except to its stockholders and its liability on said note. The transaction was evidenced by a written contract, whereby certain assets of the assignor were set aside by the assignee to be liquidated to the payment of the $300,000 note. Following that sale and transfer, the American National Bank went into voluntary liquidation pursuant to statute. 12 U.S.C.A. §§ 181, 182. In accordance with a resolution of the liquidating bank's shareholders, the liquidation was carried on by a liquidating committee composed of three shareholders from June 2, 1931, to April 15, 1935, on which date the Comptroller of the Currency, after having caused an examination to be made of the assets of the liquidating bank, declared it to be insolvent and unable to pay its debts, appointed W. C. Page receiver of that bank, made an assessment against its shareholders of 100 per cent. of the par value of their stock, and caused notice of that assessment, and demand for the payment in full, or partial payment and security for the balance, on or before June 17, 1935, to be given to such shareholders. Before filing the bill, the complainants therein requested the liquidators to bring suit in the name of the American National Bank for the relief prayed for in the bill, for the benefit of all its shareholders, but without avail.

" 'All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such association is located.' 28 U.S.C.A. § 110. The suit was to enjoin the Comptroller of the Currency from doing the alleged unlawful act of enforcing an assessment made by him against shareholders of a national bank, which assessment was challenged on the ground that that official was without power to make it, by reason of the fact that, prior to the making of such assessment, that bank went into voluntary liquidation pursuant to statute, which liquidation was in progress when the assessment was attempted to be made. If that assessment was invalid as charged, it could have been challenged by the liquidators suing, in the name of the bank in liquidation, to enjoin such assessment as an unlawful interference with the powers conferred on the liquidators in the matters of winding up the affairs of the bank in liquidation and enforcing the individual liability of its shareholders. 12 U.S.C.A. §§ 197, 65; Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864. The suit being one in behalf of a national bank to restrain the Comptroller of the Currency from alleged unlawful conduct, wherein the rights of the plaintiffs turn on the construction and application of the National Banking Law, is a suit to enjoin him under that law, within the meaning of the above set out statute. First National Bank v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L. Ed. 690. If the suit had been brought by the liquidators in the name of the bank in liquidation, it would have been maintainable in the district in which it was brought. The liquidators having failed to bring such suit when requested to do so, the shareholders, who prosecute for the bank in liquidation as substitutes were entitled to maintain the suit in the district in which it was brought. Wegman v. Hulse (D.C.) 13 F.2d 206. The court did not err in overruling the motion to quash."

The Court has jurisdiction of the person and subject matter. Service of the process upon the Comptroller of the Currency at Washington, D.C., does not conflict with Section 51 of the Judicial Code, 28 U.S.C.A. § 112, and is expressly authorized by Section 49 of the Judicial Code, 28 U.S.C.A. § 110.

Motion denied.

Settle order on notice.