# FIRST NATIONAL BANK OF CANTON, PENNSYLVANIA, *v.* WILLIAMS, COMPTROLLER OF THE CURRENCY.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF PENNSYLVANIA.

No. 618. Argued March 3, 1920.—Decided April 19, 1920.

A cause of action arises "under" the laws of the United States when an appropriate statement by the plaintiff, unaided by any anticipation or avoidance of defenses, discloses that it really and substantially involves a dispute or controversy respecting the validity, construction or effect of an act of Congress. P. 512.

A suit by a national bank to restrain the Comptroller of the Currency from alleged unlawful and malicious practices, wherein plaintiff's right turns on construction and application of the National Banking Law, is a suit to enjoin him under that law, within the intendment of Jud. Code, §§ 24, 49, must be brought in the district where the bank is established and may be maintained upon service made elsewhere—in this case in the District of Columbia. P. 509.

260 Fed. Rep. 674, reversed.

THE case is stated in the opinion.

*Mr. John B. Stanchfield,* with whom *Mr. M. J. Martin, Mr. John P. Kelly, Mr. Charles A. Collin* and *Mr. Henry P. Wolff* were on the brief, for appellant.

*The Solicitor General* and *Mr. La Rue Brown,* Special Assistant to the Attorney General, with whom *Mr. A. F. Myers* was on the brief, for appellee:

The District Court did not have jurisdiction of the person of the defendant. He was not personally served in the Middle District of Pennsylvania. Service of process outside the district in which suit is brought cannot be had without express statutory authority. *Winter* v. *Koon, Schwarz & Co.,* 132 Fed. Rep. 273; *Cely* v. *Griffin,*

113 Fed. Rep. 981; *Toland* v. *Sprague*, 12 Pet. 300; *Green* v. *Railway Co.*, 205 U. S. 530; Hughes, Federal Procedure, 264, 265. As the bill was originally drawn against the defendant individually, the service was insufficient, and no amendment at the hearing could cure the defect of the original service.

There is no statute expressly authorizing the service of process outside the district. Because a statute may provide for the bringing of suit in a district other than that in which the defendant resides, it does not follow that the defendant may be served outside the district in which suit is brought. Thus, § 51 of the Judicial Code, providing that suits based alone on diversity of citizenship may be brought in the place of residence of either the plaintiff or the defendant, does not dispense with the necessity for personal service in the district in which suit is brought. Rose, The Federal Courts, § 239; see also note to § 1033, Comp. Stats. 1916, vol. I, pp. 1154–1156. · Any implication of authority to serve process outside the district, in order to override the rule requiring express statutory authority, would have to be so plain as to negative any contrary inference. *United States* v. *Congress Construction Co.*, 222 U. S. 199, is not inconsistent with this view.

Sections 24 (16) and 49, Judicial Code, relate to injunction proceedings brought under the national banking laws. The only proceedings of that nature are those provided by Rev. Stats., § 5237,—to enjoin proceedings by the Comptroller on account of an alleged refusal by a bank to redeem its circulating notes. The present suit is not of that class. Section 380, Rev. Stats., merely provides for the conduct of cases specifically authorized by the national banking act.

The District Court did not have jurisdiction of the subject-matter of the suit. Jurisdiction was not conferred by § 5198, Rev. Stats. The proviso to that section

(added by the Act of February 17, 1875) is in no sense
a reënactment of § 57 of the Act of 1864; it is not general
in scope, but only confers jurisdiction in the cases *against*
national banks in cases arising under the national bank-
ing act. The interpretation placed on § 57 of the Act
of 1864 in *Kennedy* v. *Gibson*, 8 Wall. 498, has no applica-
tion to § 5198. See *First Natl. Bank of Charlotte* v. *Mor-
gan*, 132 U. S. 141, 143.

Nor was jurisdiction of the subject-matter conferred
by § 24 (16) of the Judicial Code, derived from § 57
of the Act of 1864; Rev. Stats., § 629 (10), (11). The
contention that, as the words "or any receiver acting
under his direction, as provided by said title," first ap-
peared in Rev. Stats., § 629, the closing words "as pro-
vided by said title" must be construed as applicable only
to the preceding portion of the new clause, and that there-
fore the District Court, under said section, has jurisdic-
tion of *all* suits to enjoin the Comptroller, and not merely
suits "as provided by said title," is untenable. The
section is expressly limited to suits brought by national
banks "under the provisions of title 'National Banks,'
Revised Statutes." Furthermore, Rev. Stats., § 629,
was expressly repealed by the Judicial Code, § 297. If
provision for receivers acting under the direction of the
Comptroller had first been made in the Revised Statutes,
it might with some force be argued that the words "as
provided by said title" referred only to the preceding
words. But such is not the case. See §§ 26–29, Act of
1863, and §§ 47–50, Act of 1864. As above pointed out,
the only provision of "said title" for suits against the
Comptroller is contained in § 5237.

The contentions here made by complainant were for
the most part adversely decided in *Van Antwerp* v. *Hul-
burd*, 7 Blatchf. 426, which has never been overruled or
questioned. That case shows conclusively that §§ 24
(16) and 49, Jud. Code, and § 380, Rev. Stats., (all of

which were derived from the Act of 1864) cannot be relied upon to give the court below jurisdiction over the subject-matter of this suit or to authorize it to serve process outside of the Middle District of Pennsylvania.

This suit is one between citizens of different States and involves federal questions. It cannot, therefore, be maintained in the Middle District of Pennsylvania. It is not a suit for a statutory injunction under § 5237, Rev. Stats., and jurisdiction cannot therefore be maintained under §§ 24 (16) and 49 of the Judicial Code. If jurisdiction is to be maintained at all, it must be under §§ 24 (1) and 51 of the Judicial Code. Except in suits for statutory injunctions, national banks have no greater rights than other citizens in the matter of suing in the federal courts, and, where federal jurisdiction is based upon diversity of citizenship only, the defendant must be found and served within the district where such suit is brought. But § 51 cannot be invoked as authority for the court's jurisdiction; the jurisdiction is not founded only on diverse citizenship but federal questions also are involved, —the court is called upon to determine the Comptroller's powers under Rev. Stats., §§ 5211, 5213, 5240.

Where a suit involves federal questions in addition to diversity of citizenship, it can only be brought in the district of the residence of the defendant. This suit could not, therefore, be maintained in the Middle District of Pennsylvania, even though personal service had been effected upon the defendant. See *Macon Grocery Co.* v. *Atlantic Coast Line*, 215 U. S. 501; *Male* v. *Atchison &c. Ry. Co.*, 240 U. S. 97, 102; *Cound* v. *Atchison, Topeka & Santa Fé Ry. Co.*, 173 Fed. Rep. 527; *Memphis* v. *Board of Directors*, 228 Fed. Rep. 802; *Whittaker* v. *Illinois Central R. R. Co.*, 176 Fed. Rep. 130; *Sunderland* v. *Chicago &c. Ry. Co.*, 158 Fed. Rep. 877; *Smith* v. *Detroit &c. R. R. Co.*, 175 Fed. Rep. 606; *Newell* v. *Baltimore &c. R. R. Co.*, 181 Fed. Rep. 698.

The defendant did not waive objection to the defective service by interposing a second motion to dismiss after the preliminary motions made on the special appearance had been denied.

Mr. Justice McReynolds delivered the opinion of the court.

Appellant, whose place of business is within the Middle District of Pennsylvania, brought this suit in the United States District Court for that District, seeking an injunction to prevent John Skelton Williams, Comptroller of the Currency, from doing certain things under color of his office declared to be threatened, unlawful, arbitrary and oppressive.

The bill alleges that, in order to injure complainant's president, towards whom he entertained personal ill will, the Comptroller determined to destroy its business and to that end he had maliciously persecuted and oppressed it for three years, in the following ways among others: By often demanding special reports and information beyond the powers conferred upon him by law; by disclosing confidential and official information concerning it to banks, Members of Congress, representatives of the press, and the public generally; by inciting litigation against it and its officers; by publishing and disseminating false statements charging it with unlawful acts and improper conduct and reflecting upon its solvency; and by distributing to depositors, stockholders and others alarming statements intended to affect its credit, etc., etc. And further that, unless restrained, he would continue these and similar malicious and oppressive practices.

Williams is a citizen of Virginia, officially stationed at Washington. He was not summoned while in the Middle District of Pennsylvania, but a subpœna was served upon him in Washington by the United States marshal. Having

specially appeared he successfully challenged the jurisdiction of the court; and the cause is here upon certificate to that effect.

Generally, a District Court cannot acquire jurisdiction over an individual without service of process upon him while in the district for which it is held. But here a national bank seeks to enjoin the Comptroller, and the claim is that by statutory direction the proceeding must be had in the district where the association is located and not elsewhere. The court below took the contrary view. 260 Fed. Rep. 674.

Determination of the matter requires consideration of three sections of the Judicial Code.

"Sec. 24. The district courts shall have original jurisdiction as follows:  . . .

"Sixteenth. Of all cases commenced by the United States, or by direction of any officer thereof, against any national banking association, and cases for winding up the affairs of any such bank; and of all suits brought by any banking association established in the district for which the court is held, under the provisions of title 'National Banks,' Revised Statutes, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by said title. And all national banking associations established under the laws of the United States shall, for the purposes of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located."

"Sec. 49. All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such association is located."

"Sec. 51. Except as provided in the five succeeding sections, no person shall be arrested in one district for trial

in another, in any civil action before a district court; and,
except as provided in the six succeeding sections, no civil
suit shall be brought in any district court against any per-
son by any original process or proceeding in any other
district than that whereof he is an inhabitant; but where
the jurisdiction is founded only on the fact that the action
is between citizens of different states, suit shall be brought
only in the district of the residence of either the plaintiff or
the defendant."

If §§ 24 and 49 properly construed restrict this proceed-
ing to the district where the bank is located, they displace
§ 51 *pro tanto* and authorize service of process upon defend-
ant wherever found. *United States* v. *Congress Construc-
tion Co.*, 222 U. S. 199, 203.

It is said for appellee that both §§ 24 and 49 relate to in-
junction proceedings brought *under* the National Banking
Law—such proceedings as are thereby expressly author-
ized and no others. And further that such law only
authorizes suit by a bank to enjoin the Comptroller when
he undertakes to act because of its alleged refusal to re-
deem circulating notes. Rev. Stats., § 5237.

The Act of February 25, 1863, establishing National
Banks, c. 58, 12 Stat. 665, 681—

"Sec. 59. *And be it further enacted,* That suits, actions,
and proceedings by and against any association under this
act may be had in any circuit, district, or territorial court
of the United States held within the district in which
such association may be established."

An Act to provide a National Currency, secured by a
Pledge of United States bonds, approved June 3, 1864, c.
106, 13 Stat. 99, 116—

"Sec. 57. *And be it further enacted,* That suits, actions,
and proceedings, against any association under this act,
may be had in any circuit, district, or territorial court of
the United States held within the district in which such
association may be established; or in any state, county, or

municipal court in the county or city in which said association is located, having jurisdiction in similar cases: *Provided, however,* That all proceedings to enjoin the comptroller under this act shall be had in a circuit, district, or territorial court of the United States, held in the district in which the association is located."

In *Kennedy* v. *Gibson* (1869), 8 Wall. 498, 506, this court ruled that § 57 should be construed as if it read, "*And be it further enacted,* That suits, actions, and proceedings, *by and* against," etc., the words "by and" having been accidentally omitted. "It is not to be supposed that Congress intended to exclude associations from suing in the courts where they can be sued." "Such suits may still be brought by the associations in the courts of the United States." And it further held, "that receivers also may sue in the courts of the United States by virtue of the act, without reference to the locality of their personal citizenship."

The Revised Statutes—

"Sec. 629. The circuit courts shall have original jurisdiction as follows:   . . .

"Tenth. Of all suits by or against any banking association established in the district for which the court is held, under any law providing for national banking associations.

"Eleventh. Of all suits brought by [*or against*] any banking association established in the district for which the court is held, under the provisions of Title 'The National Banks,' to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by said title."

"Sec. 736. All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such an association is located."

Parts of the foregoing sub-sections 10 and 11 were

joined in sub-section 16, § 24, and § 736 became § 49, Judicial Code.

What constitutes a cause arising "under" the laws of the United States has been often pointed out by this court. One does so arise where an appropriate statement by the plaintiff, unaided by any anticipation or avoidance of defenses, discloses that it really and substantially involves a dispute or controversy respecting the validity, construction or effect of an act of Congress. If the plaintiff thus asserts a right which will be sustained by one construction of the law, or defeated by another, the case is one arising under that law. *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454; *Boston & Montana Mining Co.* v. *Montana Ore Purchasing Co.*, 188 U. S. 632; *Devine* v. *Los Angeles*, 202 U. S. 313; *Taylor* v. *Anderson*, 234 U. S. 74; *Hopkins* v. *Walker*, 244 U. S. 486, 489. Clearly the plaintiff's bill discloses a case wherein its right to recover turns on the construction and application of the National Banking Law; and we think the proceeding is one to enjoin the Comptroller under provisions of that law within the true intendment of the Judicial Code.

The decree below must be

*Reversed.*