## CONSOLIDATED COMPANIES, Inc., v. MARTIN.

### No. 441.

District Court, E. D. Louisiana,
New Orleans Division.

July 2, 1941.

568

Donald V. Hunter, of Washington, D. C., Victor J. Kurzweg, Jr., of Plaquemine, La., and P. G. Borron, of Baton Rouge, La., for plaintiff.

Obier & Middleton, of Plaquemine, La., and Reid & Reid, of Hammond, La., for defendant.

## CAILLOUET, District Judge.

According to the pleadings in this action, both plaintiff company and the defendant are citizens of the State of Louisiana; the plaintiff corporation being, admittedly, one organized under the laws of Louisiana, whilst the defendant is alleged to be, and admits that he is, a resident of the Parish of Tangipahoa, within the Eastern District of Louisiana.

The claimed jurisdiction of this Court is not founded on the ground of diversity of citizenship.

Plaintiff specifically alleges, and defendant as specifically admits, "that jurisdiction herein is founded on the existence of a question arising under the provisions of the Fair Labor Standards Act of Congress of the United States, of 1938".

The plaintiff seeks to have the Court render a declaratory judgment to the effect that it was not engaged in interstate commerce during the period running from October 24, 1938, and ending March 30th, 1940, both dates inclusive, and that the defendant, under his employment by the plaintiff during said mentioned period, was not engaged in commerce or in the production of goods for commerce, as defined in the Fair Labor Standards Act, 29 U. S.C.A. § 201 et seq., and that said defendant is not entitled to the sum of $1,072.84, nor any part thereof, which, the pleadings so show, was deposited in escrow under the terms of a written agreement between the parties, and was to so remain in escrow until it were judicially determined by a Court of last resort to which of the two litigants said sum properly belonged, depending upon its decision whether or not the Fair Labor Standards Act provisions are properly applicable to the employment of the defendant as a night watchman in the conduct and operation of the plaintiff's business.

The said sum of $1,072.84 so deposited, representing $972.84 of additional wages which should have been paid the defendant during the aforementioned period of time (if, as a matter of law, his said employment actually came within the purview of the Fair Labor Standards Act), plus the estimated interest thereon at 5% per annum which will have accrued by the time that final judgment be secured.

■ United States District Courts have no jurisdiction except that which is conferred upon them by the Constitution and laws of the United States, and the presumption is that this present case is without the jurisdiction of this Court, unless the contrary affirmatively appears. National Lock Co. v. Chicago Regional Labor Board, D.C.N.D. Ill.W.D.1934, 8 F.Supp. 820.

This presumption against jurisdiction persists throughout the case. Town of Lantana, Fla., v. Hopper, 5 Cir., 1939, 102 F.2d 118.

■ The jurisdiction of the subject-matter must arise from law, and not merely by consent of the parties. Grubb v. Public Utilities Commission of Ohio et al., 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972.

In this present case, the suit is one of a civil nature, the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000, but arises under the laws of the United States.

By Section 24 of the Judicial Code, § 41, 28 U.S.C.A. it is provided that the District Courts of the United States shall have original jurisdiction:

"(1) * * * Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000.00, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects.

\* \* \* \* \*

"The foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section."

None of the succeeding paragraphs relates to matters that can possibly have application in the determination of the Court's jurisdiction in this present case, except paragraph 8, which reads as follows:

"(8) Suits for violation of interstate commerce laws. Eighth. Of all suits and proceedings arising under any law regulating commerce."

■ Plainly, the jurisdiction of this Court can not be predicated thereon. The plaintiff corporation asserts no violation of the Fair Labor Standards Act (a law by which Congress sought to conserve interstate commerce) whereby plaintiff is being deprived of a claimed right or privilege. On the contrary, plaintiff first assumed an adversary position against the Act's applicability to the defendant's employment status and then prevailed upon him to assist it in making out a "test case", to serve its own purposes as respects this employment and several others of like character, by defendant's setting up a defense and counterclaim against its announced position and seeking to recover as unpaid wages, with interest, the $1,072.-84 which plaintiff deposited in escrow, and which naturally served as a bait to encourage defendant's acquiescence to plaintiff's proposed plan of action.

The plaintiff's suit, under such circumstances, is not brought within the saving exception of the above-quoted paragraph 8, and the complaint discloses no matter in controversy that exceeds, exclusive of interest and costs, the sum or value of $3,000.

There is no appropriate statement made in plaintiff's complaint that, unaided by anticipation or avoidance of defenses, reveals a disputed and controverted claim of right or privilege, recovery as to which is dependent upon the construction or effect of the Fair Labor Standards Act.

As already stated, the plaintiff is not before this Court asserting a right or claiming a privilege under the Act and praying for a construction of said Fair Labor Standards Act as will permit it to recover. The company merely seeks to have the Act so construed as to defeat the right that it anticipates its employee will set up, in counterclaim, to its $1,-072.84, which it has deposited in escrow, as the basis for making out a case between itself and defendant.

The complaint does no more than advise the Court that the company contends that the provisions of the Fair Labor Standards Act are not applicable to the labor status of the night watchman, and that, if judicial construction of the Act be eventually in accord with that of plaintiff, then the right to be paid the $1,072.84, which it is anticipated the defendant will assert by way of defense against, and avoidance of, plaintiff's position shall be defeated.

The sole claimed right of recovery at issue in this case is the anticipated one of the defendant, and which the plaintiff seeks to defeat.

■ Jurisdiction can not be conferred by the defense even when the same is anticipated and is replied to by the complaint. The Fair Appt., v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L. Ed. 716; First National Bank of Canton, Pa., v. Williams, Comptroller of the Currency, 1920, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690; James B. Gully, State Tax Collector, etc., v. First National Bank in Meridian, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

If as a matter of fact the complaint in this case did satisfactorily establish on its face jurisdiction in this Court, then, under the declaratory judgment procedure, 28 U.S.C.A. § 400, if actual controversy were found reflected by the evidence adduced, it would be in order "to declare rights and other legal relations" of the "interested party petitioning for such declaration"; but such is not the case, here.

Had the night watchman opened the case as plaintiff, claiming the right to unpaid wages of which he stood deprived by reason of his employer's violation of an interstate commerce law resulting from its erroneous construction of the Fair Labor Standards Act, the jurisdiction of the Court would be satisfactorily established and it would be in order to give consideration to the question whether there exists an actual controversy such as justifies resort to the declaratory judgment procedure.

The record, however, being made up as it is, judgment dismissing the action for failure of the complaint to satisfactorily establish jurisdiction in the first instance, must be entered.

Let the same be accordingly done.