**Jack J. GRAY, Plaintiff,**

v.

**OKLAHOMA LAND & CATTLE COMPANY, a corporation, and W. C. Row, Defendants.**

**Civ. A. No. 6126.**

United States District Court
N. D. Oklahoma.

April 30, 1965.

McCoy, Kelly & Gambill, Pawhuska, Okl., for plaintiff.

Holliman, Brewer & Worten, Bartlesville, Okl., for defendant.

DAUGHERTY, District Judge.

The plaintiff's Complaint was filed in the District Court of Osage County, Oklahoma, from which it was removed to this Court by the defendants. The plaintiff has filed a Motion to Remand.

The Complaint alleges that on or about June 23, 1964, William Fletcher, the owner of certain land, entered into a ten year grazing lease of said land with the plaintiff. The lease, No. 42347, Bureau of Indian Affairs of the U. S. Department of Interior, was approved by the Superintendent of the Osage Indian Agency on July 20, 1964, for a term beginning January 1, 1965, and ending December 31, 1974. It is further alleged by the plaintiff that the defendant Row is the agent of the defendant, Oklahoma Land & Cattle Company; that Row as agent sought to purchase plaintiff's lease, and plaintiff refused to sell his lease to the defendant, Oklahoma Land & Cattle Company; that on or about October 27, 1964, the defendants then induced William Fletcher to breach his said contract with the plaintiff, to sign a new lease, and to join with the defendant, Oklahoma Land

& Cattle Company, in an appeal to the Area Director of the U. S. Department of Interior at Muskogee, Oklahoma, to obtain a cancellation of the above mentioned lease to the plaintiff.

The plaintiff contends that the actions of the said defendants were wilful and made with the intention of depriving the plaintiff of the benefit of his lease contract; that the defendants are persisting and continuing in their efforts to invalidate the contract necessitating the plaintiff to employ an attorney; that the plaintiff has expended over $1800.00 and has been damaged in numerous other ways in the sum of $20,000 actual damages. The plaintiff alleges that the actions of the defendants have been wilful and were actuated out of malice to the plaintiff, by reason whereof the plaintiff seeks punitive damages in the amount of $10,000,000.00, and a judgment in the sum of $10,020,-000.00, and costs of this action.

On January 25, 1965, the defendants filed a Petition for Removal, and the defendant, Oklahoma Land & Cattle Company, on February 1, 1965, filed a Motion to Dismiss for lack of jurisdiction over it and for insufficiency of process.

The defendants' Petition for Removal states that the amount in dispute exceeds the sum of $10,000.00, exclusive of interest and costs and that this action is of a civil nature over which the District Courts of the United States have original jurisdiction, in that the issues presented cannot be disposed of without applying Federal Statutes.

It is the plaintiff's contention that his cause of action is not properly removable to this Court because the Complaint does not disclose that the cause of action of the plaintiff arose under any Federal law which is the subject of controversy between the parties.

Title 28, Section 1441(b) of the United States Code provides that "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

In considering the right to remove this case to the Federal Court, it must be decided whether the Complaint on its face shows that the matter in controversy arises under the laws of the United States, and that a construction and application of those laws are necessary to the final and just determination of the issue which the complaint tenders. That decision can be reached by a correct examination of the Complaint.

The Complaint alleges an actionable wrong due to the malicious acts of the defendants to procure the breach of the plaintiff's lease with Fletcher. It is, an action involving the common-law wrong of malicious interference with contractual rights. The fact that the lease may be based upon and derived from Federal law does not give rise to a federal question under the removal statute. It is only when a federal right is an essential element of the action that the right, for purposes of the Removal Act, is deemed to be one arising from federal law. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Starin v. City of New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank of Canton, Pa. v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 64 L.Ed. 690.

> "A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205.

The case here does not meet this test. The Complaint does not show that the plaintiff's right to be free from the malicious interference with his contract

is dependent upon a disputed construction of any federal statute. On the contrary, this action is characterized as an ordinary tort action. It appears clear that the plaintiff is relying wholly upon his tort action under State law.

It follows that this case is not removable and the plaintiff's Motion to Remand should therefore be sustained. It is accordingly ordered that the Motion to Remand is granted, and that the case be remanded to the District Court of Osage County, Oklahoma.