**BOULEVARD REALTY CORP.,**
Plaintiff,

v.

**PROVIDENCE REDEVELOPMENT AGENCY, Defendant.**

**Nicholas J. CALDERONE and Florence E. Calderone, Plaintiffs,**

v.

**PROVIDENCE REDEVELOPMENT AGENCY, Defendant.**

**Civ. A. Nos. 4114, 4125.**

United States District Court
D. Rhode Island.

Dec. 31, 1969.

Julius Michaelson, of Abedon, Michaelson, Stanzler & Biener, Providence, R. I., for Boulevard Realty Corp.

Charles F. Cottam, of Gardner, Sawyer, Cottam, Gates, Day & Sloan, Providence, R. I., for Nicholas J. Calderone and Florence E. Calderone.

Timothy J. McCarthy, Providence, R. I., Chief Counsel, Providence Redevelopment Agency.

OPINION

DAY, Chief Judge.

In each of these civil actions the defendant has moved to dismiss such action upon the ground that this Court lacks jurisdiction of the subject matter thereof.

In Civil Action No. 4114 the plaintiff alleges in Count I of its amended complaint that it is a corporation organized under the laws of the State of Rhode Island with its principal place of business in said State and that the defendant is also a corporation organized under the laws of said State and has its principal place of business therein; that jurisdiction of this Court is founded on the provisions of the Fourteenth Amendment to the Constitution of the United States and the provisions of 28 U.S.C. § 1331(a), and that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs. Plaintiff further alleges that on and prior to February 14, 1969, it was the owner of certain improved real estate, described therein, located in the City of Providence, in the State of Rhode Island, and that in or about 1961, the defendant made a public announcement that it intended to condemn said real estate for its purposes; that at that time plaintiff was able to rent portions of said real estate to tenants at good rentals, that it was always in public demand and occupied; that said announcement in 1961 by the defendant of its intentions with respect to said real estate caused it to depreciate in value, caused certain of its tenants to move out and made it difficult for the plaintiff to rent said real estate and to obtain suitable tenants, and that plaintiff was otherwise deprived of the use, benefit, income and other rights associated with its ownership of said property.

Plaintiff further alleges that the actions of the defendant in causing and permitting the threat of condemnation to hang over its property and the actions of the defendant from 1961 to February 14, 1969 were an abuse of the power of condemnation, deprived plaintiff of the full use and benefit and the right to ownership of said property and amounted to a taking or damaging of its property without due process of law, and in violation of its rights under the Fourteenth Amendment to the Constitution of the United States for which it seeks damages in the amount of $100,000, exclusive of interest and costs.

In Count II of its amended complaint the plaintiff repeats the allegations as to its ownership of the real estate described in Count I, and as to the actions of the defendant with respect thereto. In Count II, it asserts that jurisdiction of this Court is founded on the provisions of the Fifth Amendment to the Constitution of the United States and the provisions of 28 U.S.C. § 1331(a) and that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs. Plaintiff further alleges that the defendant is supported in whole or in part by funds received from the United States of America, that its actions, policies and/or methods of operating are determined in whole or in part by the United States of America so that the defendant is in fact acting on behalf of and/or in place of the United States of America and its conduct constitutes the conduct of the United States of America; and that its actions therein described amounted to a taking or damaging of its property without due process of law and in violation of its rights under the Fifth Amendment to the Constitution of the United States, for which it seeks damages in the amount of $100,000, exclusive of interest and costs.

In Civil Action No. 4125, the plaintiffs allege in Count I of their amended complaint that they are citizens of the State of Rhode Island and that the defendant is a public corporation organized under the laws of the State of Rhode Island, that jurisdiction of this Court is based upon the Fourteenth Amendment to the Constitution of the

United States [1] and that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs. Plaintiffs then allege that they are now and since 1961 have been the owners of certain improved real estate, described in said count, located in the City of Providence, in the State of Rhode Island, and that in 1962 the defendant made public the fact that said real estate was to be condemned by it and that from and after 1962, defendant on several occasions made public announcements that condemnation thereof was imminent, and that as of the date of the filing of their complaint the defendant has not condemned said real estate; that since 1962 the plaintiffs have been unable to rent said real estate at its fair market value and that the threat of condemnation by the defendant, as aforesaid, has caused said property to depreciate in value and that the plaintiffs have otherwise been deprived of the economic use and benefits and other rights associated with the ownership thereof.

They further allege that the actions of the defendant in making public its intent to condemn said property constituted an abuse of the power of condemnation, deprived the plaintiffs of the economic use and benefits of said property, resulted in a depreciation of its value and otherwise constituted a damaging and taking of plaintiffs' property without due process of law in violation of plaintiffs' rights under the Fourteenth Amendment to the Constitution of the United States for which they seek damages in the amount of $750,000, plus interest and costs.

In Count II of their amended complaint the plaintiffs repeat the allegations as to their ownership of said real estate described in Count I and as to the actions of the defendant with respect thereto and their effect thereon. In Count II they allege that jurisdiction of this Court is founded on the provisions of the Fifth Amendment to the Constitution [2] of the United States and that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs. They further allege that said actions of the defendant with respect to their property constituted an abuse of the power of condemnation and constituted a damaging and taking of their property without due process of law and without just compensation in violation of their rights under the Fifth Amendment to the Constitution of the United States, for which they seek damages in the sum of $750,000, plus interest and costs.

Although defendant's motions to dismiss recite that they are filed under the provisions of Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C., they do not specify the particular provision or provisions thereof upon which defendant relies. However, from a reading of the extensive memoranda filed in support thereof it is clear that the defendant contends that this Court does not have jurisdiction over the subject matter of said actions.

It asserts that the matter in controversy in each of said actions does not exceed the sum of $10,000, exclusive of interest and costs and does not arise under the Constitution of the United States.

■ In their amended complaints the plaintiffs have alleged that the amount in controversy in each action exceeds the sum of $10,000, exclusive of interest and costs. It is well settled that such a formal allegation is sufficient to withstand a motion to dismiss based on the grounds that the amount in controversy is less than the requisite amount. An action may be properly dismissed only when it appears to a legal certainty from the face of the complaint that less than the minimal jurisdictional amount is in controversy. St. Paul Mer-

---

1. Although plaintiffs contend that jurisdiction is based upon 28 U.S.C. § 1331 (a), they have failed to include this allegation in their amended complaint.

2. Plaintiffs similarly have failed in Count II to allege that jurisdiction of this Court exists under the provisions of 28 U.S.C. § 1331(a).

cury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845. Mercer v. Byrons, 1952, 1 Cir., 200 F.2d 284, 286; Murray v. Vaughn, 1969, D.C.R.I., 300 F.Supp. 688, 694. Even though there may be a valid defense to some part or all of the claim asserted in an action, this does not deprive the Court of jurisdiction thereof.

█ In its memoranda the defendant cites authorities to the effect that plaintiffs cannot recover lost rentals and that therefore their claims in reality must be for less than the sum of $10,000, exclusive of interest and costs. In my opinion these arguments are directed to the merits of the plaintiffs' respective claims. They are not properly to be considered in determining the sufficiency of the plaintiffs' allegations as to the amount in controversy.

Defendant also contends that this Court lacks jurisdiction because the matters in controversy in these actions do not arise under the Constitution of the United States. The tests to be applied in determining whether a case arises under the Constitution of the United States are explicitly set forth in Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. In that case the Supreme Court held at page 112, 57 S.Ct. at page 97, as follows:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L.Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Ibid; King County v.

Seattle School District, 263 U.S. 361, 363, 364, 44 S.Ct. 127, 68 L.Ed. 339."

Similarly in Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 where the petitioners sought to recover damages from the respondents, agents of the Federal Bureau of Identification, for their alleged deprivation of the petitioners' rights under the Fourth and Fifth Amendments of the Constitution of the United States, the Supreme Court after granting certiorari reversed a dismissal of said action predicated upon a lack of federal jurisdiction and held 327 U.S. at page 682, 66 S.Ct. at page 776:

"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which the petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground of relief, then dismissal of the case would be on the merits, not for want of jurisdiction. Sw ⁀ ` ⁔. Templeton, 185 U.S. 487, 493, 494, 22 S.Ct. 783, 46 L.Ed. 1005; Binderup v. Pathe Exchange, 263 U.S. 291, 305–308, 44 S.Ct. 96, 68 L.Ed. 308."

And further at pages 684, 685, 66 S. Ct. at page 777, the Supreme Court said:

"Moreover, where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. And it is also well settled that where legal rights have been invaded, and a federal statute provides for a

general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done. Whether the petitioners are entitled to recover depends upon an interpretation of 28 U.S.C. § 41(1),[3] and on a determination of the scope of the Fourth and Fifth Amendments' protection from unreasonable searches and deprivations of liberty without due process of law. Thus, the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the District Court has jurisdiction. Gully v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70; Smith v. Kansas City Title Co., 255 U.S. 180, 199–200, 41 S.Ct. 243, 244, 245, 65 L. Ed. 577."

These tests of the existence of federal jurisdiction were applied by the Court of Appeals in Foster v. Herley, 1964, 6 Cir., 330 F.2d 87. In that action the plaintiff sought to recover damages from the City of Detroit for the diminution in value of his property against which the City of Detroit had initiated condemnation proceedings that it discontinued some ten years later. In reversing the lower court's dismissal of said action for want of federal jurisdiction the Court of Appeals held at page 91:

"The plaintiff claims a right under the Fourteenth Amendment to the United States Constitution not to be deprived of his property without due process of law and that the acts of the defendant constituted such a deprivation. If the Fourteenth Amendment is so construed, it supports his claim. If it is not so construed, his claim is defeated. The District Court had jurisdiction under Section 1331, Title 28 United States Code, to decide this question. * * * "

The respective plaintiffs in these actions allege that the acts of the defendant have deprived them of a portion of the true value of their properties without due process of law and without just compensation, in violation of their rights under the Fourteenth and Fifth Amendments to the Constitution of the United States. In my opinion it cannot be said that the claims asserted by them are frivolous or insubstantial. On the contrary, the allegations in their amended complaints raise serious questions of fact and law which can properly be decided only after this Court assumes jurisdiction over said controversies. Bell v. Hood, supra; Gully v. First National Bank, supra; Foster v. Herley, supra.

Accordingly, the defendant's motions to dismiss said actions for want of federal jurisdiction must be and they are hereby denied.