PENDLETON PINES ASSOCIATES, L.L.C., as successor in interest to Bel-Air Garden Apartments, L.P., Plaintiff,

v.

LEDIC MANAGEMENT, L.L.C, as successor in interest to Ledic Management Group, Inc., David L. Shores, Justin D. Towner, Josephine Turner, and John Or Jane Doe, Defendants.

No. 04–2133–DV.

United States District Court,
W.D. Tennessee,
Western Division.

Feb. 3, 2005.

J. Carson Stone, III, Nashville, TN, for Plaintiff.

John I. Houseal, Jr., Esq., Glankler Brown, PLLC, Marc Louis Schatten, Van Davis Turner, Jr., Glankler Brown, Memphis, TN, for Defendant.

Diane Vescovo, Office of Magistrate Judge Diane K. Vescovo, Memphis, TN, for Other Party.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

DONALD, District Judge.

This matter is before the Court on the motion of Defendants Ledic Management, L.L.C. ("Ledic"), David L. Shores, Justin D. Towner, Josephine Turner, and John or Jane Doe (collectively, "Defendants") to dismiss the complaint of Plaintiff, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The complaint, brought *inter alia* pursuant to the Low–Income Housing Credit Act of the Internal Revenue Code ("LHCA"), 26 U.S.C. § 42, *et seq.*, alleges violations of Plaintiffs' rights under claims for breach of fiduciary duty; fraudulent concealment; breach of contract; civil conspiracy; negligence; intentional conversion; negligent entrustment; negligent supervision, training, and control; fraudulent device and scheme; negligent misrepresentation; and fraud. Plaintiff further alleges that Defendants violated 18 U.S.C. § 1961, *et seq.* Finally, Plaintiff seeks to pierce the corporate veil and seeks relief in the form of a constructive trust.

Defendants filed the instant motion to dismiss on the ground that the Court lacks subject matter jurisdiction, and, thus, Plaintiff has failed to state a claim upon which relief can be granted. For the following reasons, the Court DENIES Defendants' motion to dismiss.

## I. Factual Background[1]

The following facts are presumed to be true for purposes of the instant motion only. Plaintiff entered into an agreement with Defendant Ledic Management Group, Inc., for Defendants to manage Plaintiff's property in accordance with the requirements of the LHCA and Housing and Urban Development ("HUD") regulations. Plaintiff alleges that it entered into the agreement based on the representations made by Defendants that they would comply with those requirements. For approximately a four-year period, Defendants complied and substantially performed their contractual obligations to Plaintiff. However, following that period, Plaintiff contends that Defendants failed to comply with the agreement and breached their duty to Plaintiff.

Plaintiff filed the complaint in the Middle District of Tennessee on November 24, 2003. On January 27, 2004, Defendants filed a motion to dismiss or, in the alternative, motion to transfer. On February 19, 2004, the case was transferred to this Court. On September 1, 2004, Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

## II. Legal Standard

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827; *Lewis v. ACB Bus. Services, Inc.,* 135 F.3d 389, 405 (6th Cir.1997). Thus, the standard to be

---

1. The factual allegations are taken from Plain-  tiffs' complaint.

applied when evaluating a motion to dismiss for failure to state a claim ·is very liberal in favor of the party opposing the motion. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Westlake,* 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. *Scheid,* 859 F.2d at 436–37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827; *Murphy v. Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis,* 135 F.3d at 405–06.

A party may bring a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. When responding to a 12(b)(1) motion, the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous. *Musson Theatrical, Inc. v. Federal Exp. Corp.,* 89 F.3d 1244, 1248 (6th Cir.1996). · The plaintiff must show only that the complaint alleges a substantial claim under federal law. *Id.* "In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion ·by showing any arguable basis in law for the claim made." *Id.* ' ·

When state law claims are raised, a dispute concerning a federal question must be a necessary element of the state claim, such that the state law claim will be supported if the federal question is given one construction or effect and defeated if the federal question is viewed differently. *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

### III. ANALYSIS

Defendants' motion seeks dismissal of Plaintiff's claims of breach of fiduciary duty; fraudulent concealment; breach of contract; civil conspiracy; negligence; intentional conversion; negligent entrustment; negligent supervision, training, and control; fraudulent device and scheme; negligent misrepresentation; and fraud. Defendants additionally seek dismissal of Plaintiff's attempt to pierce the corporate veil, as well as Plaintiff's request for a constructive trust. Defendants argue that Plaintiff has no private right of action under the HUD regulations, 42 U.S.C. § 1437, ,et seq., or under the LHCA, 26 U.S.C. § 42, et seq., both of which were invoked by Plaintiff in bringing this action.

Defendants note, and Plaintiff agrees, that Plaintiff lacks standing to assert federal question jurisdiction under the LHCA because there is no provision for enforcement or penalty that confers a private right of action. Similarly, Plaintiff lacks standing under the HUD regulations because they specifically provide for suit by the Secretary of HUD, the Attorney General (at the request of the Secretary of HUD) or tenants of HUD properties.

Thus, Defendants contend, Congress did not intend to create a private right of action to anyone other than those delineated in the regulations. Finally, the Defendants argue that since the Plaintiff's state law claims are premised on Plaintiff having correctly invoked federal question jurisdiction, all of the state law claims should be dismissed.

Although Plaintiff acknowledges that the Court does not have jurisdiction pursuant to the LHCA or HUD, Plaintiff asserts that the Court should look to more than the specific provisions of the federal statutes in question. Instead, Plaintiff maintains that the Court should recognize the importance of the federal law questions invoked by the state law claims. Plaintiff contends that Defendants were under contract to operate the project within the very tight structure of complex federal regulations. This, Plaintiff maintains, is enough to provide federal jurisdiction. The Court agrees.

■ In order to properly assert federal jurisdiction without a private right of action provided in the statute invoked, a plaintiff must have a substantial federal question that must be resolved as a necessary element of a state law claim. *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties. Rail Users Assoc., Inc.,* 287 F.3d 568, 573 (6th Cir.2002). It is not enough that a federal question exists. Instead, it must be that the state law claim "will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v, First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). If a plaintiff has shown that the determination of the construction of the federal law is necessary to decided the state law claim, then the case arises under the federal law. *First National Bank of Canton, Pa. v. Williams,* 252 U.S. 504, 512, 40 S.Ct. 372, 64 L.Ed. 690 (1920).

■ Here, Plaintiff has alleged that Defendants breached their agreement with Plaintiff by failing to comply with the complex HUD regulations that are the backbone of the agreement. The specific reason that Plaintiff entered into the agreement with Defendants was because Defendants represented themselves to be experts on the regulations and capable of meeting the specifications precisely. In order to determine whether Defendants have breached the agreement, it must first be determined whether or not they followed the requirements of the HUD regulations and the LHCA. Although the LHCA and HUD regulations do not provide for a separate right of action, the state law claims brought by the Plaintiff are dependent upon the Court's determination of whether or not Defendants breached their duty under federal law. As Plaintiff notes, the claims which the Defendants have moved to dismiss require interpretation and determination of a federal question prior to adjudication. As such, the federal question is an essential element of the state law allegations.

Accordingly, the Court **DENIES** Defendants' motion to dismiss.